## BANNISTER and others vs. PATTY's Executors.

*New Trial.*

On plaintiffs' appeal from an order setting aside the report of a referee in their favor, this court, holding that the evidence taken by the referee did not show facts sufficient to constitute a cause of action, affirmed the order, and remanded the cause "for further proceedings according to law." *Held*, that the circuit court then had authority to order a second reference for trial; and it was not an abuse of discretion to make such order upon an affidavit showing that plaintiffs could probably make proof of all the facts necessary to support their action, and excusing the failure to make such proof on the first trial.

APPEAL from the Circuit Court for *Dodge* County.

This case was here on a former appeal, and is reported in 35 Wis., 215, where a history of it, so far as is necessary to an understanding of the present appeal, will be found.

After the cause was remitted to the circuit court, defendants moved for judgment dismissing the complaint, and plaintiffs moved that the cause be again referred for a trial of the issues. The latter motion was founded on an affidavit of one of the plaintiffs, to the effect that before the action was brought he repeatedly demanded of defendants' testator the notes specified in the contract upon which the action is founded, and that the latter neglected and refused to execute them. It is stated in the affidavit that proof of such demand was not made on the former trial because the deponent " was informed and believed that the line of defense admitted the same — the defendants relying upon a breach of the contract on the part of the plaintiffs and a counterclaim for damages sustained thereby, as the sole ground of defense, and making no point that the action was prematurely brought." It is further stated in the affidavit, that, "if this cause be referred back to the referee who originally tried the same, or to any other proper person, deponent will be able by competent proof to establish such demand and refusal."

The motions were heard together, and resulted in an order referring the cause to the original referee to hear, try and determine. Plaintiffs appealed from that order.

For the appellants, a brief was filed by *J. M. Gillet*, and there was oral argument by *David Taylor*. They contended that the judgment of this court upon the former appeal herein was in effect a mandate to the circuit court to dismiss the complaint; that the affidavit of Bannister, upon which a new trial was granted, shows no sufficient excuse for failure to make proof of the essential facts at the former trial *(King .v. Alberton*, 3 Salk., 391; *Cooke v. Berry*, 1 Wilson, 98; *Patterson v. Matthews*, 3 Bibb, 80; *Barry v. Wilbourne*, 2 Bailey,

91; *Leedom v. Pancake*, 4 Yeates, 183; *Legrand v. Baker*, 6 Mon., 235–248); that Bannister is not a competent witness to prove the alleged demand of the notes specified in the contract upon which the action is founded, since that was a transaction between himself and the defendants' testator, as to which he cannot speak; and that it does not appear from his affidavit that he will be able to establish such demand by other and competent proof, the mere statement that he will be able to establish it "by competent proof" not being sufficient without a further specification of the proof.

For the respondents, the cause was submitted on the brief of *Edward S. Bragg.* He contended that the order of the circuit court, setting aside the referee's report, without saving anything that had been done before him, left the case standing upon the pleadings, at issue and ready for trial, the same as if no trial had ever been had; that defendants neither appealed from the order, nor made any claim for a dismissal of the complaint (the fact being that the demand of the notes constituted no part of the issues controverted between the parties, and that the lack of proof of such demand was first discovered in this court); that the determination of this court, on plaintiffs' appeal, affirming the order of the circuit court, still left the case at issue, ready for a new trial; and that the authorities as to the conditions upon which a verdict will be set aside and a new trial granted, are therefore wholly inapplicable.

LYON, J. The former appeal was taken by the plaintiffs from an order of the circuit court setting aside the report of the referee in their favor. The action is to recover a balance claimed to be due for materials furnished and labor performed by the plaintiffs for Benjamin S. Patty, the defendants' testator, pursuant to a certain contract between them. The contract provided that Mr. Patty should give his notes, due in one, two and three years from the completion thereof, for fifty

per cent. of the agreed price for such materials and labor. The balance claimed in the action is less than fifty per cent. of the whole contract price, and is, therefore, included in this provision. The action was commenced less than one year after the completion of the contract, and there was no evidence that Mr. Patty was ever called upon to give his notes for the unpaid balance. This court affirmed the order setting aside the report of the referee, on the sole ground that, in the absence of such proof, presumptively the action was prematurely brought; and the cause was remanded " for further proceedings according to law."

The learned counsel for the defendants maintain that the judgment of this court left nothing for the circuit court to do but to render judgment dismissing the complaint; and hence, that it was error for that court to refer the cause for a retrial of the issues. We cannot concur in this view. Certainly the judgment of this court contains no mandate to the circuit court to dismiss the complaint. It merely directs further proceedings according to law, and does not, and was not intended to, interfere with the power of the circuit court, on proper application, to grant another trial either before a referee or a jury. Had no application been made for a retrial of the cause, the duty of the circuit court is stated in the opinion on the former appeal, 35 Wis., 228. In such case, the court should have modified the report of the referee as there indicated, and judgment dismissing the complaint would have been the necessary result. But nothing which is said in that opinion is in the way of granting the motion to re-refer the cause, when it is made to appear that the evidence which was wanting on the first trial can be supplied, and that the plaintiffs' failure then to produce it is excusable.

When the circuit court set aside the report of the referee, it undoubtedly had authority in its discretion to re-refer the cause to the same or some other referee to hear, try and determine the issues. In the absence of any mandate from this

Johnson vs. The Chicago, Milwaukee & St. Paul R'y Co.

court to the contrary, we see no valid reason why that court may not do so after the affirmance of the order setting aside such report.

It was within the sound discretion of the circuit court to grant the relief asked by the respondents, and we cannot interfere unless the granting of such relief was an improper exercise of that discretion. Looking into the affidavit upon which respondents' motion was founded, it seems very clear to us that sending the cause back to the original referee to hear, try and determine it, was not an abuse of discretion. We must, therefore, affirm the order appealed from.

*By the Court.* — Order affirmed.