FAIRBANK and another vs. NEWTON.

*December 7 — December 17, 1880.*

PRACTICE: REFERENCE to take further testimony: *(1) May be made to same referee. (2) His duty thereunder.*
CAUSE OF ACTION. *(3) When secret partnership of all dealers in a village no ground of an action by one dealing with them.*

1. While the court, on refusing to confirm the report of a referee for trial, and granting a new trial of the *same issues*, should not ordinarily refer the cause for such second trial to the same referee, yet where, after a report in plaintiff's favor, defendant was permitted to *amend* his answer so as to raise a new issue, there was no error in referring the cause again to the same referee to *take further testimony* (with reference to such new issue); and especially where this was done by *consent* of the parties.

2. In such a case it is not necessary for the referee to take again the testimony already taken, or to disregard it, or confine the findings in his second report to the *additional* testimony.

3. The fact that plaintiffs and the other buyers of farm produce at a certain village were combined in a *secret partnership*, is no ground for the recovery of damages by one who has sold them such produce, from time to time, in ignorance of the partnership, where it appears that there was, nevertheless, a "healthy competition" in the trade at such village, and that plaintiffs in fact paid defendant a fair market price (measured by the markets in other like places) for his produce delivered to them.

APPEAL from the Circuit Court for *Dodge* County.

This action was commenced in January, 1875. The facts alleged in the complaint are substantially as follows: From March 14th to December 23d, 1872, inclusive, plaintiffs were copartners in the produce business at the village of Waupun in this state; and, at different times between March 14th and May 14th of that year, they furnished defendant, at his request, sums of money amounting to $1,716.30, in consideration of which defendant agreed to deliver to them at their warehouse in said village, forthwith, wheat and other merchantable grain at the market price. Between June 1st and December 22d of the same year, they also delivered to defendant, at his request, salt to the value of $11.85; and between March 20th and June 15th of the same year, defendant, in pursuance of said agreement, delivered to them grain to the amount of $1,301.66; leaving a balance due from defendant to plaintiffs of $426.49, besides interest. During the time in which plaintiffs furnished the money to defendant as above stated, it was their custom, and had been for some years prior thereto, to charge interest on advances made for produce, in case the same were not delivered immediately after such advances; and for some years prior to the transactions here in question, they had been in the habit of furnishing advances to defendant for produce, and of charging him with interest thereon for any delay in the delivery; and he received the advances here in question with full knowledge of said custom. Judgment is therefore demanded against defendant for $426.49, with interest on $419.14 from June 15, 1872, and on $7.35 from December 23, 1872.

The defendant's first answer amounted to a denial that any balance was due plaintiffs on the transactions between the parties, and a claim that a small sum was due the defendant; and it demanded judgment for such amount as should be found due him on an accounting. There was a reply in denial of the counterclaim.

Upon a trial of the issues thus made, before a referee, evidence was produced by the plaintiffs, but none was produced by the defendant. In February, 1876, the referee filed his report, in which he found the facts and stated the account between the parties substantially as they are alleged in the complaint, including the alleged custom and understanding as to interest. He also found that plaintiffs agreed to pay defendant the highest market price for all farm produce delivered to them by the defendant (as was alleged in the answer), and that they had in fact paid him the highest market price. Afterwards defendant moved the court to set aside the report, and to recommit the cause for the taking of further proofs, and that he have leave to amend his answer; and the court made an order March 13, 1876, recommitting the cause to the same referee to take further proofs, and gave the defendant leave to amend.

The amended answer alleged by way of counterclaim, among other things, that during the years 1870, 1871 and 1872, defendant delivered to plaintiffs 8,776 bushels of wheat; that in 1872 he delivered to them 258 bushels of barley and 1,441 bushels of oats; that for said grain he was to receive the highest market price; that during all the time in which it was delivered, there existed "a secret nominal partnership" between the plaintiffs and all the wheat buyers and produce dealers in the village of Waupun, which was unknown to the defendant and to the public, and which amounted to a conspiracy, the effect of which was to prevent all competition in the market for grain and other farm produce in said village; and that, by reason thereof, wheat, oats and barley, during all the time aforesaid, were sold much below their fair market value in said village under a healthy competition, and defendant was thus defrauded out of $698. There was a reply in denial to this counterclaim.

The referee took additional testimony in pursuance of the order of March 13, 1876; and in November, 1876, he, filed a.

report, which consisted of two parts: 1. The evidence taken on the first reference, together with his findings of fact and conclusions of law upon that evidence, as originally reported. 2. The additional evidence taken upon the second reference, together with his findings of fact and conclusions of law on the issues made by the amended answer. These second findings of fact were as follows: 1. On the first of September, 1869, the plaintiffs and part of the wheat and produce buyers at Waupun (five persons in all), entered into a copartnership by written articles of agreement, which are set forth at length in the finding. By these articles, a copartnership was formed for a term of five years, for the purpose of dealing, at Waupun or at any other point that the company might agree upon, in produce, live stock, wool, coal, lime, salt, hides, etc.; and it was agreed, among other things, that no one of the company should transact the same kind of business on his individual account, directly or indirectly, at any other point within twenty miles of Waupun, without mutual consent; that no one of them should hold any produce purchased by him any longer than was necessary for shipment, without the consent of the company; that questions relating to business should be determined by a majority of the company; and that no other person should be received as a partner. The other provisions of these articles seem to be unimportant here. 2. Between January 22, 1870, and April 9, 1872, defendant delivered to plaintiffs certain quantities of wheat, oats and barley, and plaintiffs paid therefor certain prices, which are set forth in a schedule included in the finding. 3. [Unimportant.] 4. The copartnership above described was not known to the defendant or the public in general during the period in which defendant delivered said grain. 5. Said copartnership did not prevent all competition in the farm produce market in the village of Waupun. 6. During the time said copartnership existed, wheat, oats and barley were not, by reason therof, sold below the fair market value in

the village of Waupun under a healthy competition. 7. During the time of defendant's delivery of grain, as above stated, said copartnership existed, but was not kept from his knowledge for the purpose of defrauding him. 8 and 9. Plaintiffs paid defendant a fair market price for the grain so delivered by him. The referee's conclusions of law were as follows: 1. That plaintiffs were entitled to recover of defendant the amount found due by the former report, with interest from the date of that report. 2. That defendant was not entitled to recover anything of the plaintiffs under the counterclaim in his amended answer.

The defendant excepted specifically to various facts found in the first report, and also to those found in the additional report, and to the conclusions of law in both; and he further excepted "to the whole of said report," alleging "that the referee erred in referring to the report of the first trial and making it a part of the finding in the second trial; that he should have decided the case as though there had been no other trial or findings, and made an independent and complete report and findings of fact and conclusions of law, the same as though there had been no other trial in said action."

On plaintiff's motion for confirmation and judgment, the court confirmed the report, with an unimportant modification, and rendered judgment for the plaintiffs accordingly; from which the defendant appealed.

*H. E. Connit* for the appellant.

For the respondents there was a brief by *Eli Hooker*, with *C. E. Hooker* of counsel, and oral argument by *Eli Hooker*.

Cole, C. J. The record shows that on motion of the defendant an order was entered March 13, 1876, to recommit this cause to the same referee to take further testimony, instead of retrying the cause, and that the defendant have leave to file an amended answer. The order states that the reference to take further testimony was "upon agreement of parties."

This would seem to remove all ground of objection to such an order, even if error could otherwise be predicated upon an order to recommit a cause to the same referee to take further proofs, where no consent was given. Where a new trial is ordered, there would seem to be substantial reasons for holding that a party ordinarily has the right to have the cause tried by a new referee, who has formed no opinion upon the facts and law of the case. But, even in that case, can there be room for a doubt that the parties could consent that it should be tried by the same referee? It seems to us not. The scope of the reference here was limited to the taking of such further testimony as might be adduced to meet the new issue which it was expected would be formed by the amended answer. It certainly could not have been intended or expected that the referee would take all the testimony over again, or disregard that which he had already taken, or confine his finding exclusively to such additional testimony. Any such construction of the order would be unreasonable. In *Bannister v. Patty's Ex'rs*, 43 Wis., 427, the cause was referred, on the application of the plaintiff, against the consent of the defendant, to the original referee, to hear, try and determine; and this court held that the circuit court did not abuse its discretion in the matter, and affirmed the order of reference.

The referee reported all of the testimony taken before him, as well upon the issues formed by the original pleadings as upon the new issue raised by the amended answer. He also reported his findings of fact and conclusions of law. We certainly can see no error in the practice adopted, of which the defendant can complain.

In respect to the cause itself upon the merits, the referee finds, in effect, that notwithstanding the secret copartnership which existed among the buyers of wheat and farm produce at the village of Waupun, still there was a healthy competition in that trade, and that the plaintiffs paid the defendant a fair market price for whatever grain and produce he delivered to

them during the period specified. This being the case, the defendant surely was not injured by the "secret nominal partnership between the said plaintiffs and all the other wheat and farm-produce dealers in the village of Waupun, which was unknown to the defendant and to the public," and which, as the defendant alleged, "amounted to a conspiracy," which constituted the gravamen of the complaint set up in the amended answer. The learned counsel for the defendant insists that the finding of the referee upon this point is improbable, and contrary to all human experience; and asks us to declare that the combination among the grain dealers must have destroyed all healthy competition, and prevented the defendant from receiving a fair market price for his grain and produce. We can make no such presumption or inference against the direct weight of testimony, as we should surely do were we to so hold. The finding in this regard is abundantly sustained by the evidence, and cannot be disturbed. We need not go into any examination of the testimony upon the subject. It surely does not appear from the evidence that the defendant was injured by the alleged combination among the dealers in grain and produce at Waupun, or that it operated to his disadvantage in any way.

It is further insisted that the court below erred in allowing the plaintiffs interest on the amount which was found due them. But the plaintiffs testified to a course of dealing with the defendant by which they had received and the defendant had paid interest on the money advanced. Under these circumstances a contract for the payment of interest on advances made would be implied in law. This is familiar doctrine.

On the whole record we see nothing which would warrant a reversal of the judgment. It must therefore be affirmed.

*By the Court.*—Judgment affirmed.